UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ALLEN LITTLE,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION TO UNSEAL<br><br>Case No. 2:95-cr-149-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Nearly 30 years ago, Robert Allen Little was convicted by a jury of various charges for detonating a pipe bomb outside a dormitory room occupied by two black students at what is now Utah Tech University. *See United States v. Little*, 132 F.3d 43 (10th Cir. 1997), at *1 (table). Mr. Little moves the court to unseal a threatening, racially derogatory note introduced as evidence at his trial so that he may test that note for DNA. *See* Dkt. No. 143 at 1. The court denies Mr. Little's motion.

While a court retains authority to enforce, modify, or eliminate the restrictions it places on a document by sealing it, *see United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427–28 (10th Cir. 1990), it is clear from the docket that neither this exhibit nor any of the other evidence offered at trial was ever sealed. There is thus nothing for the court to unseal.

To the extent Mr. Little seeks to test the note for DNA, the court concludes that his motion is governed by 18 U.S.C. § 3600, which addresses the circumstances under which "DNA testing of specific evidence" is warranted. But under this statute, a motion to test evidence for DNA is presumptively untimely if it is not made "within 60 months of the enactment of the Justice For All Act of 2004 or 36 months of conviction, whichever comes later." *Id.* § 3600(a)(10). This presumption

1

may be rebutted upon the court's finding—

> (i) that the defendant was or is incompetent and such incompetence substantially contributed to the delay in requesting a DNA test;
>
> (ii) the evidence to be tested is newly discovered DNA evidence;
>
> (iii) that the motion is not based solely upon the applicant's own assertion of innocence and, after considering all relevant facts and circumstances surrounding the motion, a denial would result in a manifest injustice; or
>
> (iv) upon good cause shown.

*Id.* § 3600(a)(10)(B)(i)–(iv).

Mr. Little made his motion in 2023—long after the statutory presumption of untimeliness arose. Nor does his motion provide any basis for judicial findings that could rebut this presumption. Although Mr. Little was tried as an adult despite being 16 at the time of the offense, his trial took place nearly three years later. *See Little*, 132 F.3d 43, at *1, *3. He has not shown that he is or was incompetent then or at any subsequent relevant time, let alone that his incompetence contributed to his delay in seeking DNA testing. And even if the note can be considered "DNA evidence," it is clearly not "newly discovered"—Mr. Little has known of its existence at least since his trial decades ago. Further, he offers no basis for DNA testing other than self-asserted innocence. He has long since completed his sentence and seeks to establish only that his "DNA will not be found on this note" because he "had nothing to do with" the bombing. Dkt. No. 143 at 2. And he asserts that "[t]his would not be the first time DNA has exonerated a wrongfully convicted person after decades." *Id*. For reasons that will become apparent, moreover, the court has no concern that denying Mr. Little's motion would result in a manifest injustice. And the court concludes that Mr. Little has not otherwise shown good cause for his delay in making his motion.

In all events, the court no longer possesses the evidence used at Mr. Little's trial. The docket indicates that the trial exhibits were returned to the United States Attorney's Office on May 13, 1996. *See* Dkt. Nos. 91&93. Nor is there any reason to think the United States has kept

these exhibits. They were returned to the Government nearly three decades ago—more than eight years before the Justice for All Act of 2004 was enacted—and the Government had no duty to preserve them for DNA testing at that time. Indeed, even that subsequently enacted statute requires the Government to preserve only "biological evidence"—which is defined to include only "a sexual assault forensic examination kit" or "semen, blood, saliva, hair, skin tissue, or other identified biological material." 18 U.S.C. § 3600A(a)–(b). The note is none of these things.

In addition, to obtain an order for DNA testing under Section 3600, an applicant must identify "a theory of defense" that, *inter alia*, "would establish the actual innocence of the applicant." *Id*. § 3600(a)(6). The applicant must also show that the DNA testing "may produce new material evidence" that would support the identified "theory of defense" and also "raise a reasonable probability that the applicant did not commit the offense." *Id*. § 3600(a)(8).

In this case, even if (1) the note has been preserved, (2) the court could properly order its production for DNA testing, and (3) Mr. Little's DNA were not found on the note, that would hardly "establish" Mr. Little's "actual innocence" or "raise a reasonable probability" that Mr. Little "did not commit the offense." For one thing, there is no reason to think that the note's author necessarily would have left DNA on the note in the first place. Perhaps the note's author wore gloves, wiped the note, or shed no DNA onto the note that stuck to it. For another, there is no reason to think that the note (if it still exists) has been maintained for the three decades since it was written—including during trial, when it was presumably submitted to the jury—in a manner that would have preserved any DNA that might have once been on it.

More important, the evidence of Mr. Little's guilt is overwhelming. *See United States v. Crosby*, 515 Fed. App'x 771, 772 (10th Cir. 2013); *United States v. Roberts*, 417 Fed. App'x 812, 824 (10th Cir. 2011). Mr. Little told acquaintances on two separate occasions in late September or early October of 1993 that he was going to cause a bomb to explode. *See Little*, 132 F.3d at *1. On one of these occasions, he specified that the bomb would explode at a local

3

college dormitory. *See id*. His roommate saw Mr. Little build a pipe bomb and test the device on the day of the bombing for which Mr. Little was convicted. *See id*. Mr. Little also told his roommate that he was "going to get some n*****s." *Id*. That night he told his roommate and her friend that he had done just that by setting off a bomb at a college dormitory. *See id*. He also said that he had left a note on another student's door, and the racially inflammatory and threatening note at issue here was found by a black student on his door the next day. *See id*. The next night, Mr. Little told three acquaintances that he was responsible for the bombing. *See id*. Two of these acquaintances reported this conversation to the police, who searched Mr. Little's apartment and found a PVC pipe, 53 fuses, and lead fragments similar to those found at the scene of the explosion. *See id*. And during the search, Mr. Little ran from the apartment and fled the State. *See id*.

As the Supreme Court has explained, "DNA testing alone does not always resolve a case. Where there is enough other incriminating evidence and an explanation for the DNA result, science alone cannot prove a prisoner innocent." *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 62 (2009). That is assuredly the case here, whatever a DNA test of the note might show.

For all of these reasons, Mr. Little's motion to unseal is **DENIED.**[*]

---

[*] Section 3600(b) contemplates that upon receiving a motion for DNA testing, the court will notify the Government, allow the Government to file a response, order the Government to prepare and provide an inventory of the evidence related to the case, and, if necessary, direct the Government to preserve the evidence that is the subject of the motion. Given that Mr. Little neither styled his motion correctly nor cited Section 3600, the court did not follow these procedures upon receipt of his motion. Further, in light of the patent deficiencies in Mr. Little's motion outlined above, the court has determined that the procedures outlined in Section 3600(b) would serve no purpose in this case and that dispensing with these procedures will not prejudice Mr. Little in any way.

**IT IS SO ORDERED**.

        Dated this 16th day of August, 2024.
        BY THE COURT:

        _____
        Howard C. Nielson, Jr.
        United States District Judge

5